UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.T. by and through his guardian ad litem, DAVID TSUKIYAMA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 25-cv-1624-AJB-BJW<br><br>**ORDER GRANTING MOTION TO SEAL PREVIOUSLY FILED DOCUMENT**<br><br>**(Doc. No. 16)** |
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>R.T. by and through his guardian ad litem, DAVID TSUKIYAMA,<br><br>　　　　　　　　　　　　Counter Defendant. | |

　　　On June 25, 2025, Plaintiff filed the instant action seeking reversal of a decision from the State of California's Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (Doc.

No. 1.) On September 18, 2025, Defendant San Diego Unified School District answered the complaint and filed a counter claim. (Doc. No. 4.) Now pending is Plaintiff's motion to file under seal the entire copy of the OAH administrative record. (Doc. No. 16.) For the reasons discussed below, the Court **GRANTS** the motion.

A party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate "compelling reasons" in favor of sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiff contends that the administrative record contains the "medical, disability, and educational records of a minor." (ECF No. 16-1 at 2.) Specifically, Plaintiff provides that "the administrative record includes Plaintiff's individualized education plans ("IEPs"), IEP amendments, evaluation reports (including psychoeducational evaluation reports), correspondence between school staff and student's parents concerning student's educational program, standardized test scores, health information, grade transcripts, progress reports, attendance records, and residency information." (*Id.* at 2–3.) Plaintiff also contends that the information is protected from public disclosure under the Family Educational Rights and Privacy Act ("FERPA"). (*Id.* at 2.) FERPA prohibits federal funding of an educational institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order. 20 U.S.C. § 1232g(b)(2). The term "personally identifiable information" means information such as names, birthdates, social security numbers, and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Here, Plaintiff provides compelling reasons to seal the administrative record. *See, e.g.*, *D.L. v. Poway Unified Sch. Dist.*, No. 19-cv-0780- GPC-RBB, at *3–4 (S.D. Cal. Nov. 1, 2019) (sealing OAH record and hearing transcripts); *G.R. v. Del Mar Union Sch. Dist.*, No. 19-cv-132-AJB-MSB, at *1 (S.D. Cal. Aug. 12, 2019) (sealing record of a due

process hearing before OAH); *Escondido Union High Sch. Dist. v. Aloy*, 24-cv-1653-RSH-JLB, 2025 WL 486175, at *3 (S.D. Cal. Feb. 13, 2025) (sealing the entire copy of the OAH administrative record). The administrative record contains references to the disabilities, educational records, and medical information of a minor, and such material is "largely protected from public disclosure by both federal and state law." *J.M. v. Oakland Unified Sch. Dist.*, No. 17-cv-04986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018).

Further, the prohibited references here are "too numerous to redact," *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007), "as the administrative record is voluminous." *E.M. v. Poway Unified Sch. Dist.*, No. 19-cv-00689-JM-MSB, at *2 (S.D. Cal. July 29, 2019). Indeed, the documents total more than 2,000 pages and contain sensitive details pertaining to the minor throughout. (*See* Doc. No. 15.)

Accordingly, the Court **GRANTS** Plaintiff's Motion to File Documents Under Seal. (Doc. No. 16.) The Clerk of Court is **DIRECTED** to file the documents, currently lodged with the Court at Doc. No. 15, **UNDER SEAL**.

**IT IS SO ORDERED.**

Dated: November 19, 2025

Hon. Anthony J. Battaglia
United States District Judge