

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

R.T. by and through his guardian ad litem, DAVID TSUKIYAMA,

Plaintiff,

v.

SAN DIEGO UNIFIED SCHOOL DISTRICT,

Defendant.

SAN DIEGO UNIFIED SCHOOL DISTRICT,

Counter Claimant,

v.

R.T. by and through his guardian ad litem, DAVID TSUKIYAMA,

Counter Defendant.

Case No.: 25-cv-1624-AJB-BJW

**ORDER GRANTING MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

**(Doc. No. 20)**

Before the Court is a motion to supplement the administrative record, filed by Defendant and Counter Claimant San Diego Unified School District (the "District"). (Doc.

1

No. 20.) Minor Plaintiff R.T. ("Plaintiff"), by and through his guardian ad litem, David Tsukiyama, opposed the motion (Doc. No. 22), and the District replied (Doc. No. 24).

On January 9, 2025, the Court issued an order requiring the District to file a supplemental brief addressing the foundation and authenticity of the additional evidence. (Doc. No. 27.) The Order permitted Plaintiff to file a response. (*Id.*) Pursuant to the Order, the District filed its supplemental brief on January 23, 2026. (Doc. No. 28.) Plaintiff declined to file a response by the January 30, 2026, deadline. (*See* Doc. No. 27.) The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument. *See* CivLR 7.1.d.1. For the reasons discussed below, the motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed the instant action on June 25, 2025, seeking reversal of a decision from the State of California's Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education Act ("IDEA"). (Doc. No. 1.) On September 18, 2025, the District answered the complaint and filed a counter claim. (Doc. No. 4.)

On September 25, 2024, Plaintiff filed a Request for Due Process with the OAH. (Doc. No. 1 ¶ 22.) The due process hearing was held before an Administrative Law Judge ("ALJ") on January 28, 29, 30, and February 4, 5, 6, and 7, 2025. (*Id.* ¶ 24.) At the time of the due process hearing, Plaintiff was 15-years-old and in the 10th grade at The Winston School ("Winston"), a certified nonpublic school. (*Id.* ¶11; *see* Administrative Record ("AR") 878.) The principal dispute at the OAH hearing was placement. (AR 879.) Parents preferred Plaintiff to remain at Winston. (*Id.*) The District argued it could serve Plaintiff at a comprehensive public high school within the district. (*Id.*)

On March 28, 2025, OAH rendered its decision. (AR 882.) OAH found that the District should have offered direct mental health services rather than consultation beginning November 28, 2023 through the end of the 2023–24 school year. (AR 928–30.) OAH also found that the District did not offer an appropriate transition plan from March 26, 2024, through the end of the 2023–24 school year. (*Id.*) OAH ordered the District to

reimburse Parents in the amount of $5,025 for Plaintiff's unilateral placement at Winston and to provide ten hours of individual counseling services. (AR 931.) OAH denied the remainder of Plaintiff's claims. (*Id.*) Subsequently, Plaintiff filed the instant action seeking reversal of the March 28, 2025 OAH decision. (Doc. No. 1.)

On June 6, 2025, Plaintiff filed another request for a due process hearing (OAH Case No. 2025060347) seeking reimbursement for Winston for the 2024–25 school year. (Doc. No. 20 at 7.) Related to this new request, the District issued a subpoena *duces tecum* on Winston requesting records relevant to Student's attendance, enrollment, and education while privately placed during the 2023–24, 2024–25, and 2025–26 school years. (*Id.*) Winston responded and provided the District with responsive documents. By way of the instant motion, the District seeks to supplement the Administrative Record with evidence it obtained from the Winston subpoena. (*Id.*)

## II.   LEGAL STANDARD

When reviewing an administrative hearing decision under IDEA, statutory guidelines provide that the court:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). This form or standard of "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). Pursuant to IDEA, federal courts have "a continuing obligation to ensure that the state standards themselves and as applied are not below the federal minimums . . . [which] persists despite any state administrative rulings on federal law or state recodifications of federal law." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 792 (1st Cir. 1984)). "The requirement that federal courts consider additional evidence when

evaluating state administrative rulings implements the intent that federal courts enforce the minimum federal standards IDEA sets out." *Pajaro Valley*, 652 F.3d at 1005.

In *Ojai*, the Ninth Circuit addressed the standard for the admission of additional evidence by adopting the approach developed by the First Circuit in *Town of Burlington v. Dep't of Education. See Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). That standard construes "additional" to mean "supplemental." *Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). Although the reasons for supplementing the record may vary, "they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). The determination of what is proper additional evidence is left to the discretion of the trial court, which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo. *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). In considering the admission of after-acquired evidence, the Ninth Circuit has instructed that "[t]he proper inquiry was whether the report was relevant, non-cumulative, and otherwise admissible." *Pajaro Valley*, 652 F.3d at 1006.

## III.   DISCUSSION

The District seeks to supplement the Administrative Record with three categories of evidence: (1) email correspondence between Parent and Winston, (2) Plaintiff's attendance at Winston during the 2022–23 and 2023–24 school year, and (3) Plaintiff's Enrollment Agreement for his placement at Winston for the 2024–25 school year. (Doc. No. 20 at 3.) This District contends that all the evidence is relevant, non-cumulative, and otherwise admissible. (*Id.*) Plaintiff opposes the motion to supplement arguing the evidence is irrelevant, lacks foundation, and is impermissible hearsay. (Plaintiff Doc. No. 22-1.)

The Court first addresses Plaintiff's concerns regarding the authenticity and foundation for the supplemental evidence. The District filed a supplemental brief providing

25-cv-1624-AJB-BJW

additional documentation regarding the authenticity and foundation for the supplemental evidence. Plaintiff did not file a supplemental brief addressing the District's additional documentation. Through its supplemental briefing, the District has reconciled the authentication issue.

Evidence is self-authenticating when it is a certified domestic record of a regularly conducted activity and meets the hearsay exception requirements of Federal Rule of Evidence ("FRE") 803(6)(A)-(C), as shown by a certification of the custodian. Fed. R. Evid. 902(11). The certification of the custodian must indicate that the record was made at or near the time by someone with knowledge, the record was kept in the course of a regularly conducted business activity, and making the record was a regular practice of that activity. Fed. R. Evid. 803(6)(A)-(C).

Here, the District provides a declaration from the custodian of records for Winston, Kim Kanetis. (Doc. No. 28-1, Ex. A.) The declaration states that Ms. Kanetis is a "duly authorized custodian of records for The Winston School of San Diego" with "authority to certify records." (*Id.*) The declaration certifies the evidence as "true copies of all records in [her] custody or control described in the subpoena or authorization." (*Id.*) Because the District has provided a declaration from Winton's custodian of records demonstrating that the record was made at or near the time by someone with knowledge, the record was kept in the course of a regularly conducted business activity, and making the record was a regular practice of that activity, the Court finds the evidence self-authenticating. *See* Fed. R. Evid. 902; 803(6)(A)-(C).

The Court now turns to Plaintiff's remaining arguments—that the evidence is irrelevant and impermissible hearsay. The District argues that the email correspondence between Parent and Winston (Doc. No. 20-2, Exs. A–E), as well as the attendance records (Doc. No. 20-2, Ex. F), demonstrate that Plaintiff was already experiencing significant mental-health distress, infrequent attendance, and school-avoidance behaviors while still enrolled at Winston. (*See* Doc. No. 20-1 at 9.) The Court agrees this information could be relevant to address the question of whether the District adequately addressed Plaintiff's

25-cv-1624-AJB-BJW

needs. Moreover, the emails are non-hearsay as an admission of a party opponent under FRE 801(d). *See In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) ("[E]mails written by a party are admissions of a party opponent and admissible as non-hearsay."). The attendance records are admissible as a business record under FRE 803(6). *See Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981) (explaining the business record exception to hearsay).

As to the Enrollment Agreement, the District argues it provides relevant context regarding Parents' stated intentions and cooperation during the transition process, which lends to the feasibility and reasonableness of the District's attempts to facilitate Plaintiff's transition back to a comprehensive campus. The Court agrees. And as with the attendance records, the agreement is admissible as a business record under FRE 803(6).

## IV.   CONCLUSION

The Court finds that the proposed evidence is relevant, non-cumulative, and otherwise admissible. The Court notes, though, that while it finds the evidence relevant, the merits of this litigation are not currently briefed before the Court. As such, the Court makes no finding as to the weight of Plaintiff's evidence. Instead, the Court holds only that it is relevant, non-cumulative, and otherwise admissible. Accordingly, the Court **GRANTS** Plaintiff's Motion to Supplement the Administrative Record with Exhibits A through G.

**IT IS SO ORDERED.**

Dated:  February 4, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-1624-AJB-BJW